IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-00131-BO

| | |
|---|---|
| ST. JOHN'S EPISCOPAL CHURCH,<br>Plaintiff,<br><br>v.<br><br>THE CINCINNATI INSURANCE<br>COMPANY; SUSAN HUGHES,<br>individually and as employee/agent<br>of CIC; JACKSON HILL, individually and<br>as employee/agent of CIC; UNKNOWN<br>MANAGERS, ADMINISTRATORS,<br>ESTIMATORS, CLAIMS<br>REPRESENTATIVES AND ADJUSTERS<br>OF DEFENDANT THE CINCINNATI<br>INSURANCE COMPANY<br>(COLLECTIVELY REFERRED TO AS<br>DEFENDANTS DOE), individually and as<br>employee/agent of CIC; GRECCO<br>CONSTRUCTION CONSULTANTS,<br>LLC; EDT ENGINEERS, P.C.; and<br>THE CENTURY SLATE COMPANY,<br>Defendants. | O R D E R |

This cause comes before the Court on Cincinnati defendants' motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b) or, in the alternative, motion for leave to file an interlocutory appeal [DE 33]. Plaintiff responded in opposition and the motion is ripe for adjudication. For the reasons that follow, defendants' motion for reconsideration is granted in part and denied in part. Defendant's request for interlocutory appeal is denied.

BACKGROUND

The Court dispenses with a full recitation of the background of this matter and incorporates by reference, as if fully set forth herein, the factual and procedural background of this matter outlined in its order entered January 25, 2022. In its January 25, 2022 order, the Court denied the motion to dismiss filed by The Cincinnati Insurance Company, Jackson Hill, and Susan Hughes

("Cincinnati defendants"). The order granted the motion to dismiss filed by EDT Engineers, Grecco Construction Consultants, and The Century Slate Company ("independent consultant defendants"). The order also granted plaintiff 30 days by which to amend its complaint. Plaintiff did not file an amended complaint. Cincinnati defendants filed the instant motion for reconsideration on February 14, 2022. A hearing on the motion was held before the undersigned on June 2, 2022 in Elizabeth City, North Carolina.

## DISCUSSION

### I. Request for Reconsideration

Defendants request that the Court reconsider and overrule its denial of Cincinnati Defendants' motion to dismiss plaintiff's negligence claim against Cincinnati Insurance Company and the individual employee defendants.

Federal Rule of Civil Procedure 54(b) states that "any order ... that adjudicates fewer than all the claims ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment, but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted). Motions to reconsider interlocutory orders are "disfavored and should be granted sparingly." *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (internal quotation and citation omitted).

First, defendants request that the Court reconsider its finding that Cincinnati employee adjusters owe a duty to insured plaintiffs and may be the proper target of a negligence claim. Under North Carolina law, "it is elementary that the master is liable for the acts of his servant and the principal for the acts of his agent, whether malicious or negligent, which result in injury to third persons, when the servant or agent is acting within the line of his duty and exercising the functions of his employment." *King v. Motley*, 233 N.C. 42, 45 (1950). "Generally, employers are liable for torts committed by their employees who are acting within the scope of their employment under the theory of *respondeat superior*." *Matthews v. Food Lion, LLC*, 205 N.C. App. 279, 281 (2010).

Plaintiff states in its complaint that "[a]t all times relevant hereto, Defendants Hughes, Hill and Doe were servants, agents, or employees of Defendant Cincinnati, and were acting within the course and scope of said service, agency, employment, thereby making Defendant Cincinnati liable for acts or omissions of Defendants Hughes, Hill and Doe under the theory of *respondeat superior*." Complaint at ¶ 31. At this stage in the case, "the court should accept as true all well-pleaded allegations" in the complaint. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Accordingly, all actions by the employee adjusters at issue in this case were done within the scope of their employment. Because of the theory of *respondeat superior*, Cincinnati Insurance is liable for all acts by the defendant employees, even if the acts were malicious or negligent. *See Motley*, 233 N.C. at 45; *Food Lion, LLC*, 205 N.C. App. at 281. Cincinnati's employees cannot be the target of a negligence claim by plaintiff, because Cincinnati Insurance is liable for all of its employees acts in this case. Therefore, the defendant employees should be dismissed from this suit. The Court grants in part the motion to reconsider as to the remaining claims against the defendant employees.

Second, defendants request that the Court reconsider its finding that plaintiff's negligence claim is not barred by the economic loss rule. Defendants did not raise this theory at the hearing

on this motion. No new evidence has been presented nor do defendants argue that there has been a change in applicable law. Defendants have failed to satisfy the applicable standard and at bottom rehash arguments in their filling that the Court has previously considered. The Court, in its discretion, denies in part the motion to reconsider as to the negligence claim against Cincinnati Insurance.

## II. Request for Interlocutory Appeal

Courts may certify interlocutory orders for appeal when they "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Pisgah Contractors, Inc.*, 117 F.3d 133, 136–37 (4th Cir. 1997). A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, *5 (4th Cir. 1989) (unpublished). Additionally, certification of an interlocutory appeal is "appropriate where 'the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340–41 (4th Cir. 2017) (citation omitted). Interlocutory review is not appropriate where there is a disagreement as to whether there are genuine issues of material fact or "whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 341.

The requirements of § 1292(b) are to be strictly construed, *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989), and, even if the requirements are satisfied, a district court retains discretion to decline to certify an interlocutory appeal. *See State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995). The moving party bears "the burden of persuading the

court that exceptional circumstances justify a departure" from the general policy against piecemeal appeals. *Id.* at 854.

The Court is unpersuaded that certification of interlocutory appeal is warranted in this instance. Many substantial claims still remain in this case and an appeal in this case would not materially advance the termination of the litigation. Nor have defendants identified a substantial ground for difference of opinion between courts on a controlling legal issue. *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 454 (D. Md. 2015). At bottom, defendants contend that the Court wrongly applied settled law to the facts of this case. That is not a ground for certification of an interlocutory appeal. The Court, therefore, in its discretion, denies defendants' request to certify its prior order for interlocutory appeal.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion for reconsideration [DE 33] is GRANTED IN PART as to claims against the employee defendants. The motion is DENIED IN PART as to the negligence claim against Cincinnati Insurance and as to the request for an interlocutory appeal. The Clerk is DIRECTED to refer this matter to the assigned United States Magistrate Judge for entry of a scheduling order. Discovery in this case shall close no later than September 1, 2022.

SO ORDERED, this ___2___ day of June, 2022.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE